[Civ. No. 2839.  Second Appellate District, Division One.—May 22, 1920.]

N. L. LINELL, Appellant, v. J. A. GORDON, Respondent.

[1] ACCOUNT STATED—STATEMENT OF BALANCE DUE—PROMISE TO PAY —CONSTRUCTION OF WRITING.—In this action to recover money alleged to be due on an account stated, a statement of account mailed by defendant to plaintiff showing the result of certain financial transaction in which plaintiff and defendant were jointly interested, which account closed with a statement of a balance due plaintiff, considered in connection with defendant's accompanying statement as to when he would pay the same, and his subsequent statements, constituted an account stated.

[2] ID.—PROMISE TO PAY WITH INTEREST—IMPLICATION.—A promise by one person to pay another "with interest" implies a debt due from the former to the latter.

APPEAL from a judgment of the Superior Court of Riverside County. Hugh H. Craig, Judge. Reversed.

The facts are stated in the opinion of the court.

---

1. Accounts stated, notes, 62 Am. Dec. 85; 136 Am. St. Rep. 37.

Andrew Johnston and Walter C. Davison for Appellant.

Thomas C. Yager for Respondent.

CONREY, P. J.—Action to recover money due on an account stated. From the judgment entered in favor of the defendant the plaintiff appeals.

The only controversy which we shall find it necessary to determine arises upon appellant's contention that the evidence is insufficient to justify the finding of the court that there was not an account stated and that the defendant did not agree to pay the balance shown by the alleged statement of account. [1] Under date May 5, 1914, the defendant sent to plaintiff by mail a statement of account showing the result of certain financial transactions in which the plaintiff and the defendant were jointly interested, which statement of account closed as follows: "May 5th/14 By Balance due L. Linnell $1009.65." The statement was accompanied by a letter in which the defendant informed the plaintiff that defendant had traded forty acres of land of the plaintiff, together with other land of the defendant, and had received a trust deed for $21,000 secured on an alfalfa ranch near Riverside; that plaintiff's land had been put in at $4,000 and defendant had paid a commission of five per cent. The letter closes as follows: "The trust deed is drawing 7% interest and no taxes and the first payment will be Dec. 1st/14 when you will get your money and 7% interest on it. I am very sorry that I could not get cash for this but this is the very best offer that I have had since I saw you and I hope this will meet with your approval. I have some notes due in Aug. and if I get the money on them I will pay you off. There will be some more small charges for Certificate of Title and escrow charges." Plaintiff replied to that letter under date July 12, 1914, wherein he acknowledged receipt of defendant's letter, and said: "I am very glad that you succeeded in disposing of the land at Thermal Heights."

The defendant, in his answer, denied that he rendered to the plaintiff an account stated, and denied that by said account stated there was any amount found due to the plaintiff from the defendant. To the contrary, defendant alleged that on or about February 14, 1913, they entered into a contract in writing, set out as exhibit "A" of the answer. This

contract, over plaintiff's objection, was received in evidence. It shows that the defendant advanced a sum of money to secure the redemption of plaintiff's forty acres of land, and the plaintiff conveyed the land to the defendant; that the defendant thereupon agreed "that when said property shall be sold and that at the time of such sale and out of the proceeds of which second party shall receive" certain specified moneys advanced by him, "then the balance of the proceeds shall be divided equally between both parties hereto." The account rendered in May, 1914, represents the outcome of that transaction down to that date. Respondent contends that the evidence shows, not an account stated, but only an agreement under which appellant was not to receive any moneys from the defendant except out of the proceeds of the sale of the plaintiff's property. It should be conceded that if the property had been sold for money only, as contemplated by the agreement of February 14, 1913, the defendant would have been bound to pay to plaintiff only plaintiff's share of the net proceeds of such sale. It appears, however, that, acting upon his own responsibility, he disposed of plaintiff's land in connection with the trade which he made for the trust deed. His statement to the plaintiff and the report which he made, that "I have some notes due in Aug. and if I get the money on them I will pay you off," are inconsistent with his present theory that, having traded for the trust deed, he was to pay the plaintiff only out of the cash proceeds of the sale of plaintiff's land. In making this statement, together with his statement of account showing "balance due" from himself to Linell on May 5, 1914, he offered a statement of account which, when accepted by the plaintiff, as it unqualifiedly was accepted, constituted an account stated. The money was then due, but the defendant explained that he was not prepared to pay at that time.

Our conclusion that this was an account stated on which the specified amount then became due is confirmed by the subsequent conduct of the defendant. Under date of September 20, 1915, the defendant wrote to the plaintiff a further statement of the situation. Here he states for the first time that the land covered by the $21,000 trust deed was subject to a first mortgage of $15,000. He then states that the owner of the land failed to pay the interest on the first

mortgage; that defendant had been required to pay the interest, together with taxes and other expenses on the land; that "I finally had to foreclose on the trust deed and that cost me $438, and now that I have a title to it I am trying to sell or trade it, but times are so hard that I have not much hopes of doing either. You can rest assured that as soon as I get any money out of the property that I will pay you with interest, but it is impossible for me to do anything now." [2] The promise to pay plaintiff "with interest" implies a debt due; for if defendant was to pay only out of cash proceeds of the sale of plaintiff's land, he would not be chargeable with interest until such cash proceeds had been received. Moreover, defendant's admission that he foreclosed on the trust deed and obtained title to the land secured thereby places him in the same position as if, on foreclosure of such trust deed, the land had been purchased by some third person and the purchase price paid over to the defendant. From the foregoing summary of the evidence we conclude that the evidence is insufficient to support the court's finding that there was not an account stated and that the defendant had not agreed to pay the balance shown thereby.

The judgment is reversed.

Shaw, J., and James, J., concurred.